### PARKER v. LEEK and LAMBERTSON.

Co-securities cannot join in an action to recover money paid by them for their principal, unless the payment be made out of a joint fund.

PARKER was sued by Leek and Lambertson, in assump-sit, in the Circuit Court of Lauderdale. The declaration contained the common counts only. It appeared in proof that the plaintiffs below had become jointly and severally bound in a bail bond for the appearance of Parker, in a suit in North Carolina, and that the debt had been collected by an execution against them, which they had satisfied. It further appeared that Lambertson had received $258, from an agent of Parker, which he acknowledged was the whole sum he had paid for Parker, and acknowledged he had no further claim against him, and gave a receipt for the amount; and that Leek had received $165 only from Parker's agent. The counsel for the defendant below, requested the Court to charge the jury, that if they believed the payments made by Leek and by Lambertson were made by each out of their separate and individual funds, that they could not join in an action to recover them back; or if they believed Lambertson had been fully refunded the amount he had paid, and that individually he had no claim against Parker, he could not join with Leek in an action to recover any amount not yet refunded to Leek. The Court declined so to charge, and did instruct the jury, "that though Lambertson might have received the whole amount which he had paid for Parker, and that individually he might have no claim against him, and that what he had paid was out of his individual and separate funds, yet unless they believed that Lambertson intended to discharge Parker from all liability, he had a right to join in an action with Leek for the recovery of the balance which might be due to Leek on account of what he had advanced more than the $165." The jury found for the plaintiffs, and Parker excepted; and among other things, assigns the charge of the Court for error.

COALTER, for the plaintiff in error, contended that before two can maintain a joint action for money paid for a third person, it must appear their interest is joint. They

JULY 1828.

Parker
v.
Leek and
Lambertson

*a* 5 East 225. 2
Starkie Ev. :02.
3 do. 1334. 1 Ch.
Pl. 3. 2 D. & E.
282. 19 John. 217
2 Bos. & P. 268.
3 Bos. & P. 235.

must shew explicitly that the money paid by them was out of a joint fund, and that if Lambertson had received the full amount advanced by him, and they were not partners, he could not be joined with Leek to recover what was due to Leek only. [a]

ORMOND, for defendants.

### By the CHIEF JUSTICE.

THE principle is well settled that co-securities cannot join in an action to recover back money paid by them for their principal, unless the payment had been made from a joint fund. If the payment had been made from a joint fund by the sureties, and one of them had received from their principal, afterwards, a payment equal to his moiety of the money advanced, it would not destroy the right to bring the action in their joint names, because the money refunded to one of them would be held to be for their joint benefit, and the balance due to them jointly.

The judgement must be reversed and the cause remanded.

JUDGE GAYLE not sitting.